JOSHUA S. HANLEY, ADMINISTRATOR v. R. A. LEMMON.

When a defendant in a suit dies before verdict, a suggestion of his death to the court, or a petition of the plaintiff representing that fact, is necessary to authorize the issuance of a *scire facias* to the legal representative of the deceased defendant. (Paschal's Dig., Art. 7, Note 225.)

If, without such suggestion or petition, a *scire facias* has issued for such representative, it is quashable on his motion.

APPEAL from Tarrant. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The appellee, Lemmon, brought suit against J. A. Hanley on a promissory note for $920. The petition was filed on the 1st of May, 1858. Service was had upon the defendant, who answered at the December term following. On the 21st of June, 1859, a writ of *scire facias* was issued by the clerk of the court to J. S. Hanley, as the legal representative of J. A. Hanley. The writ recited that the death of J. A. Hanley, defendant, had been suggested in open court, but the suggestion of his death is not otherwise noticed. J. S. Hanley appeared by attorney "*in limine*, and for the purpose only of this motion," and moved to quash the *scire facias*, "because said writ was sued out before the suggestion of the death of J. A. Hanley was entered of record," and for other reasons not necessary to specify. The motion to quash was overruled. At the ensuing term judgment final was rendered against J. S.

Hanley, as administrator, from which he appealed, and assigns as error the overruling of his motion to quash the *scire facias*, and other causes not necessary to notice.

*J. W. Ferris*, for the appellant.

*A. Bradshaw,* for the appellee.

DONLEY, J.—It is assigned for error, the overruling the defendant's motion to quash the writ and service of *scire facias*. By Art. 538, O. & W. Dig., it is provided that, "In all suits where the defendant may die before verdict, if the action survive, the suit shall not abate therefor, but upon a suggestion of such death being entered upon the record in open court, or upon a petition of the plaintiff representing that fact being filed in the clerk's office, it shall be the duty of the clerk to issue a *scire facias* to the legal representative of such defendant, and upon the return thereof executed such representative shall be made a party to such suit, and the same shall proceed against him." (Paschal's Dig., Art. 7, Note 225.)

In the case of Ledbetter *et al.* v. Rice *et al.*, decided at the Austin term, 1860, it was held that "the suggestion of the death of the party, or the petition representing the fact, is necessary to authorize the issuance of the *scire facias.*"

The opinion in that case is thought to be conclusive of this cause. The judgment is reversed and the cause

REMANDED.